**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 26, 2024.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENJAMIN ROSENDO GONZALEZ, | § | CASE NO. 24-50738-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

ORDER AND OPINION

The Court considered the Debtor's *Motion to Avoid Judicial Lien of Daimler Truck Financial Services USA LLC* (ECF No. 18) and determined that it should be denied without prejudice.

In the *Motion*, Debtor seeks to avoid under § 522(f)[1] a $49,081.23 judicial lien held by Daimler Truck Financial Services USA, LLC ("**Daimler**") allegedly on multiple items of exempt real and personal property. The *Motion* states that the lien has attached to a list of Debtor's

---

[1] All statutory references are to Title 11 of the United States Code unless otherwise specified.

property, "including but not limited to"[2] a homestead, four separate vehicles, a .22 rifle, unidentified jewelry, an employer-sponsored 401(k), and "other personal property listed on Schedule C."[3] The *Motion* claims the Debtor's exemptions in all of his property is partially impaired by a judgment lien to the extent of $270,346.82. Debtor's *Motion* presents multiple issues that prevent the Court from granting relief to the Debtor.

### Identification of Lien Sought to Be Avoided

First, the *Motion* fails to specify the nature of the lien sought to be avoided. The *Motion* provides no evidence that a lien exists at all.[4] A Texas state court judgment, by itself, does not create a judicial lien in favor of the prevailing party. ***Williams v. Gillespie***, 346 S.W.3d 727, 731 (Tex. App. – Texarkana 2011, no pet.). Instead, a party who seeks to collect on a judgment via a judgment-debtor's property must attach that judgment to the property. These steps vary depending on the type of property to which the judgment-creditor seeks to attach the Texas state court judgment. To attach a judgment to real property, a judgment-creditor would file an abstract of judgment at the county clerk's office where the debtor holds real property. Tex. Prop. Code § 52.004. A judgment-creditor could also apply for a writ of garnishment to attach the judgment

---

[2] The use of the "including but not limited to" language to describe potentially exempt property suggests that the Court can avoid a judicial lien on *unidentified property* that the Debtor claims as exempt. It cannot and will not. The Debtor must identify the exempt property on which it seeks lien avoidance. Section 522(f) operates to avoid liens placed on identified exempt property, not to avoid blanket liens in and of themselves.

[3] The Debtor previously filed a similar Motion to Avoid Judicial Lien (ECF No. 11). The original motion was denied for various reasons articulated on the record, including the Debtor's failure to provide a copy of the judgment which was the subject of the lien, failure to explain its lien avoidance calculations and failure to identify the property encumbered by the judgment lien. At the hearing on the original motion the Court also instructed counsel to comply with the guidance offered by Judge Woodward in ***In re Reed***, 2022 Bankr. LEXIS 2059 (Bankr. N.D. Miss. 2022) as to the necessary elements of a lien avoidance motion. *With respect to each item of exempt property*, a "lien avoidance motion must identify 'the property subject to the judicial lien,[. . .] the value of the property, the amount due on account of all liens against it, and the amount of the exemption claimed by the debtor." *Id.* at *4 (citations omitted) (emphasis added).  Despite Judge Woodward's admonition that "[i]t is not enough to simply refer to or attach Schedule C when seeking lien avoidance[,]" the Debtor in this *Motion* simply referred the Court to Schedule C.

[4] The Debtor could bring evidence to a hearing on the Motion that might establish the existence of a lien on its exempt property, but that wouldn't correct a glaring due process issue - the Motion's failure to provide notice to creditors of what lien the Debtor is seeking to avoid.

to accounts or seek a writ of attachment to levy on pieces of non-exempt personal property. Tex. Civ. Prac. & Rem. Code §§ 61.001, 63.001. Debtor's *Motion* only attaches a copy of the judgment itself and shows no evidence of a lien.[5] The Court cannot avoid a lien that it does not know exists.

Further, § 522(f) only allows the Court to avoid attached liens, which means a lien avoidance motion must identify the property to which a lien has attached. For instance, the *Motion* appears to request that the Court avoid a lien on the Debtor's claimed homestead but fails to provide an abstract of judgment that might have created such a lien. If the Debtor had provided such abstract of judgment, it might allow the Court to avoid the lien on a homestead but would not eliminate the abstract of judgment or the lien it creates on the Debtor's non-exempt real property. The *Motion* does not identify the lien or liens that exist and the property to which each such lien has attached.

**Calculation of Exemption Impairment**

The inability to identify the judgment lien and to what assets it attaches causes further problems in the *Motion*. Section 522(f)(2)(A) defines a lien's impairment of an exemption as:

> "the extent to which the sum of—
> (i)      the lien;
> (ii)     all other liens on the property; and
> (iii)    the amount of the exemption that the debtor could claim if there were no other liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens."

The *Motion* fails in its description of "the property" and its accompanying liens. On the face of the *Motion*, it appears the Debtor assumes Daimler's lien attaches to all of Debtor's

---

[5] The original motion did contain an *application* for a writ of garnishment, but not the executed writ itself nor any other evidence of a judgment lien. Therefore, even if the Court admitted evidence of the exhibit filed in the dismissed original motion, it would be insufficient to show the existence of a lien.

exempted property.[6] From this, the Debtor assumes that because the lien attaches to all exempted property, he can lump the value of all the other liens together for the calculation, even though each lien attaches to individual pieces of property. The Debtor includes in the "all other liens on the property" calculation a $4,995.14 property tax lien (likely against Debtor's homestead), a $200,038.00 mortgage, and a $16,232.45 lien on one of Debtor's vehicles. This is improper.

Using § 522(f), a debtor may avoid a lien on any given piece of property but cannot seek a blanket avoidance of any liens on all property. Instead, if a debtor seeks to avoid a lien on a piece of property, the § 522(f) calculation must be done as to that property alone. This follows the plain language of § 522(f)(2)(A)(ii) which provides that the exemption impairment calculation includes "all other liens on *the property*," meaning the property on which the lien sought to be avoided attaches. Debtor has improperly attempted to group together liens on different pieces of property in the "all other liens on the property" amount, even though each of these liens could create a different exemption impairment depending on the individual piece of property. To avoid a judicial lien, the Debtor must perform the § 522(f)(1)(B) calculation as to each piece of property to which the lien attaches without lumping together liens which attach to other unrelated pieces of property.

Finally, the Motion fails to show how it calculates the amount of the judgment determining the value of lien to be avoided. Attached to the Motion is a default judgment against the Debtor ("**Judgment**"). The Judgment lists a principal amount of $48,881.23, prejudgment interest at a rate of 5% annually beginning August 7, 2022 and ending August 14, 2023, and a $1,200.00 attorney's fees award. By the Court's calculation, the full amount owed under the Judgment on the

---

[6] Even if Daimler had sought attachment on Debtor's real property, personal property, and accounts via the methods described above, this would have created three separate liens on the property listed in each writ. Absent an injunctive court order, Texas procedural law does not allow a judgment-creditor to use a judgment to create a single "blanket lien" on all of a judgment-debtor's assets.

date it was issued should be $52,574.17.[7] This number does not match the $49,081.23 amount identified in the *Motion*. The Judgment also includes a provision for post-judgment interest at a rate of 5% annually on the entire amount, including prejudgment interest and attorney's fees. This post-judgment interest is not calculated or reflected in the *Motion*.

In conclusion, the Court must deny the *Motion* as it fails to include evidence of an actual lien on each item of Debtor's exempt property and it improperly groups together liens on unrelated pieces of property in the § 522(f)(2)(a) calculation. The Court will, however, give the Debtor leave to refile the *Motion* to resolve these issues identified. It is, therefore,

ORDERED that the above-referenced *Motion* is DENIED WITHOUT PREJUDICE. It is further

ORDERED that the Clerk of the Court shall not close the above-captioned case for 45 days as to allow the Debtor to file an amended Motion to Avoid Lien.

# # #

---

[7] For clarity: $48,881.23 in principal, plus $2,492.94 in pre-judgment interest between August 7, 2022 and August 14, 2023, plus $1,200.00 in attorney's fees.